IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN M. CORLISS, | : CIVIL ACTION NO. 3:05-CV-0347 |
| Plaintiff | : (JUDGE JONES) |
| v. | : |
| PETER J. O'BRIEN, et al., | : |
| Defendants | : |

**MEMORANDUM AND ORDER**

April 29, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff Justin Corliss ("Plaintiff" or "Corliss"), an inmate at the State Correctional Institution, in Somerset, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. The required filing fee has been paid. For the reasons outlined below, this action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A.

The Prison Litigation Reform Act includes a new section that relates to screening complaints in prisoner actions where the inmate has not applied to proceed in forma pauperis. 28 U.S.C. § 1915A (added by § 805 of the Act). Section 1915A provides, in pertinent part, as follows:

> (a) Screening. -- The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

>   (b) Grounds for dismissal. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
>
>>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>>   (2) seeks monetary relief from a defendant who is immune from such relief.

Named as Defendants in the complaint are Monroe County Public Defenders Brian Germano and Peter Quigley; Monroe County Judges, Peter O'Brien, Ronald Vican and Carbon County Judge John P. Lavelle.

Corliss complains that "as a direct and proximate result of the Defendants' conspiratorial fraud and retaliatory conduct Plaintiff's access to the courts in Monroe County has been irreparably and illegally obstructed, impeded and denied resulting in legitimate causes of actions being denied, dismissed, impermissibly delayed, hindered and obfuscated." (Doc. 1, ¶ 10). As a result, he claims that he has "forever been denied fair adjudication of the issues in his criminal case." (See Rec. Doc. 1, ¶ 23). Specifically, Plaintiff states that Defendants Germano and Quigley, "while being put on notice of their transgressions, ineffectiveness and negligence, have refused and failed to alert any court of the errors committed while they represented Plaintiff that entitled Plaintiff to relief as a matter of law." See id. at ¶ 26. With respect to Defendants O'Brien, Vican and Lavelle, Plaintiff states that these Defendants "have penned 'opinions' and orders in

2

Plaintiff's matters at law that came before them that have no basis in law or fact, and were designed to obfuscate facts and to mislead judges in the appellate courts, and did, with the objective of obstructing Plaintiff's access to the courts." Id. at ¶ 27. For relief, Plaintiff seeks compensatory and punitive damages.

**DISCUSSION**

In order to assert a cognizable claim under § 1983, Corliss must allege that some person has deprived him of a federal right, and that the person who has caused the deprivation acted under color of state or territorial law. West v. Atkins, 487 U.S. 42, 48 (1988). In setting forth a claim of conspiracy, Corliss cannot rely on broad or conclusory allegations. Dennis v. Sparks, 449 U.S. 24, 27-36 (1980). On the contrary, he must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982).

With all due respect to Corliss, the Court finds incredible his notion that all the judges and public defenders involved in his criminal matter engaged in a corrupt plot to violate his civil rights. The Court therefore rejects Corliss' factual contentions as clearly baseless. See Young v. Kann, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991) (conspiracy claims which are based solely upon pro se plaintiff's subjective suspicions and

3

unsupported speculation are properly dismissed).  Additionally, the allegations in the complaint are vague and conclusory and do not present a cognizable § 1983 conspiracy claim.

Furthermore, it is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties.  Stump v. Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power).  Consequently, any claims that Plaintiff may be attempting to raise against the judges named as Defendants in this action would be based on actions taken by those Defendants in the exercise of their official duties and they are entitled to absolute immunity from monetary damages.

Furthermore, it is well-settled that public defenders and court appointed attorneys do not act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a defendant in a criminal proceeding.  Polk County v. Dodson, 454 U.S. 312, 325 (1981); Black v. Bayer, 672 F.2d 309, 311 (3d Cir.), cert. denied, 459 U.S. 916 (1982).  Accordingly, since the allegations against Attorneys Germano and Quigley are  premised on actions they took while serving as Plaintiff's defense counsel, they are entitled to an entry of dismissal.

Finally, it is clear that Corliss cannot obtain relief under § 1983 on the grounds asserted in this case absent a successful challenge to the underlying conviction. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).[1]  Although it appears that Corliss is claiming that the deliberate mishandling of his criminal case deprived him of a fair and adequate trial, there is no indication that he has successfully challenged his conviction or sentence in state court.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915A.

2. The Clerk of Court shall close this case.

3. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

<u>s/ John E. Jones III</u><br>
John E. Jones III<br>
United States District Judge

---

1. In <u>Heck</u>, the United States Supreme Court announced that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by acts whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 477, 78.