IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN M. CORLISS, | : CIVIL ACTION NO. 3:05-CV-0347 |
| Plaintiff | : (JUDGE JONES) |
| v. | : |
| PETER J. O'BRIEN, et al., | : |
| Defendants | : |

## ORDER

September 23, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff, Justin Corliss ("Plaintiff" or "Corliss"), an inmate at the State Correctional Institution, in Somerset, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants in the complaint are Monroe County Public Defenders Brian Germano and Peter Quigley; Monroe County Judges, Peter O'Brien, Ronald Vican and Carbon County Judge John P. Lavelle.

Corliss complains that "as a direct and proximate result of the Defendants' conspiratorial fraud and retaliatory conduct Plaintiff's access to the courts in Monroe County has been irreparably and illegally obstructed, impeded and denied resulting in legitimate causes of actions being denied, dismissed, impermissibly delayed, hindered and obfuscated." (Rec. Doc. 1, ¶ 10). As a result, he claims that he has "forever been

denied fair adjudication of the issues in his criminal case." (Rec. Doc. 1, ¶ 23). Specifically, Plaintiff states that Defendants Germano and Quigley, "while being put on notice of their transgressions, ineffectiveness and negligence, have refused and failed to alert any court of the errors committed while they represented Plaintiff that entitled Plaintiff to relief as a matter of law." (Rec. Doc. 1, ¶ 26). With respect to Defendants O'Brien, Vican and Lavelle, Plaintiff states that these Defendants "have penned 'opinions' and orders in Plaintiff's matters at law that came before them that have no basis in law or fact, and were designed to obfuscate facts and to mislead judges in the appellate courts, and did, with the objective of obstructing Plaintiff's access to the courts." (Rec. Doc. 1, ¶ 27).

By Order dated April 29, 2005, Plaintiff's action was dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A. (Rec. Doc. 9). Presently pending before the Court is Petitioner's Motion for Reconsideration of this Court's April 29, 2005 Order. (Rec. Doc. 10). For the reasons set forth below, the Motion will be denied.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171

(1986); <u>Massachusetts Mutual Life Insurance Co. v. Maitland</u>, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. <u>Max's Seafood Café v. Quineros</u>, 176 F.3d 669, 677 (3d Cir. 1999)(<u>citing</u> <u>North River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." <u>See</u> <u>Rohrbach v. AT & T Nassau Metals Corp.</u>, 902 F. Supp. 523, 527 (M.D. Pa. 1995)<u>, vacated in part on other grounds on reconsideration</u>, 915 F. Supp. 712 (M.D. Pa. 1996), (<u>quoting</u> <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  A motion for reconsideration may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. <u>Drysdale v. Woerth</u>, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for

reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

Upon review of the Court's Order denying the Petition, the following was concluded:

> The court therefore rejects Corliss' factual contentions as clearly baseless. See Young v. Kann, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991) (conspiracy claims which are based solely upon pro se plaintiff's subjective suspicions and unsupported speculation are properly dismissed). The allegations in the complaint are vague and conclusory and do not present a cognizable § 1983 conspiracy claim. . . . Consequently, any claims that Plaintiff may be attempting to raise against the judges named as Defendants in this action, would be based on actions taken by those Defendants in their exercise of official duties, they are entitled to absolute immunity from monetary damages. . . Accordingly, since the allegations against Attorneys Germano and Quigley are premised on actions they took while serving as Plaintiff's defense counsel, they are entitled to an entry of dismissal. . .Finally, it is clear that Corliss cannot obtain relief under § 1983 on the grounds asserted in this case absent a successful challenge to the underlying conviction. Heck v. Humphrey, 512 U.S. 477 (1994).[1]  Although it appears that Corliss is claiming that the deliberate mishandling of his criminal case deprived him of a fair and adequate trial, there is no indication that he has successfully challenged his conviction or sentence in state court.

Rec. Doc. 9, at 3-5.

---

1. The United States Supreme Court in Heck, announced that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by acts whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 477-78.

4

Corliss' Motion for Reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed. To the extent that Corliss raises the argument that he is not seeking damages from the Judges named as Defendants in this action, but is, instead, relying on the United States Supreme Court's decision in Pulliam v. Allen, 466 U.S. 522 (1984), for the proposition that judicial immunity is not a bar to injunctive relief sought against a judicial officer (doc. 10), his claim is meritless. Corliss' request for injunctive relief against the named Judges is barred by the clear terms of § 1983, as amended by the Federal Courts Improvement Act of 1996 ("FCIA").

The FCIA amended 42 U.S.C. § 1983 to extend the reach of judicial immunity to injunctive relief as well as to damages, and to preclude costs and attorney's fees in suits against the judiciary. Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000); Kampfer v. Scullin, 989 F. Supp. 194, 201 (N.D. N.Y. 1997). The clear purpose of the FCIA was to protect judges from injunctive suits when acting in their adjudicatory capacities.

The legislative history of FCIA indicates that Section 309 was solely intended to correct the logical flaw of Pulliam v. Allen, 466 U.S. 522 (1984), by extending the reach of judicial immunity to awards of attorney's fees and costs, as well as to demands for injunctive relief. 466 U.S. 522 (1984). The FCIA merely returned the law related to

judicial immunity to the same place it had been prior to the Supreme Court's decision in Pulliam.[2]

The FCIA applies to bar injunctive relief in this case. The Judges named in the instant action were acting solely in their adjudicatory capacity. Thus, any injunctive relief would directly relate to the Judges' adjudicatory role. Therefore, judicial immunity applies and injunctive relief is barred under the FCIA.

Thus, the Court finds that its Order of April 29, 2005, is not troubled by manifest errors of law or fact and Corliss has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied.

---

2.   The Senate Judiciary Committee recommended the applicable section (Section 311 of the Senate Bill, now codified as Section 309) of the Federal Courts Improvement Act. S. 1887, 104th Cong. (1996). The Committee report found the following:

> This section [309] restores the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in Pulliam v. Allen, 466 U.S. 522 (1984). . . In Pulliam, the Supreme Court broke with 400 years of common-law tradition and weakened judicial immunity protections. The case concerned a State magistrate who jailed an individual for failing to post bond for an offense which could be punished only by a fine and not incarceration. The defendant filed an action under 42 U.S.C. 1983, obtaining both an injunction against the magistrates' practice of requiring bonds for nonincarcerable offenses, and an award of costs, including attorney's fees. The Supreme Court affirmed, expressly holding that judicial immunity is not a bar to injunctive relief in section 1983 actions against a State judge acting in a judicial capacity, or to the award of attorneys' fees under the Civil Rights Attorneys Fees Award Act, 42 U.S.C. 1988. Those statutes are now amended to preclude awards of costs and attorneys fees against judges for acts taken in their judicial capacity, and to bar injunctive relief unless declaratory relief is inadequate.

S. REP. No. 104-366, at 36-7, (1996), reprinted in 1996 U.S.C.C.A.N. 4202, 4216-17.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1.  Plaintiff's Motion for Reconsideration (doc. 10) is **DENIED**.


<u>s/ John E. Jones III</u>  
JOHN E. JONES III  
United States District Judge
